NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0562-12T4

MIDLAND FUNDING LLC,

        Plaintiff-Respondent,

   v.

CARL ALBERN, JR.,

        Defendant-Appellant.

| APPROVED FOR PUBLICATION |
|:---:|
| **December 23, 2013** |
| **APPELLATE DIVISION** |

_____

Submitted December 3, 2013 — Decided December 23, 2013

Before Judges Fisher, Espinosa and Koblitz.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-2833-11.

Carl Albern Jr., appellant pro se.

Pressler and Pressler, L.L.P., attorneys for respondent (Lawrence J. McDermott, Jr., on the brief).

The opinion of the court was delivered by

FISHER, P.J.A.D.

This appeal presents a procedural question: is a defendant, who, in responding to a complaint, moved for dismissal but did not file an answer after the motion was denied, entitled to notice of a plaintiff's request for default? Because the applicable rules of procedure do not expressly

authorize an ex parte request for default in this unusual circumstance, and because the rules are based on a policy favoring the disposition of cases on their merits, we reverse the denial of defendant's Rule 4:50 motion to vacate both the default and the default judgment later entered.

I

On June 15, 2011, plaintiff Midland Funding LLC commenced this action against defendant Carl Albern, Jr., on an alleged outstanding credit card account. The summons contained the customary admonition that defendant was required to answer or otherwise move within the time allotted or default would be entered against him. Defendant timely responded by filing a pro se motion to dismiss, which was denied on October 6, 2011. The judge's order did not specify a time within which defendant was required to file an answer nor did it refer to defendant's need to file an answer. Rule 4:6-1(b) allots ten days to file an answer after denial of a motion to dismiss. Defendant did not file an answer within that time period.

On December 1, 2011, plaintiff submitted to the Clerk an ex parte application for entry of default, claiming "no defendant named herein has answered or otherwise moved." This representation was incorrect because, as mentioned, defendant had "otherwise moved," albeit unsuccessfully. Plaintiff did

correctly assert that defendant had not filed an answer and the time to do so had expired. Default was entered against defendant in early December 2011.[1]

Although not included in either party's appendix, we are told plaintiff applied for the Clerk's entry of default judgment on March 15, 2012. Whatever plaintiff submitted at the time was apparently also served on defendant, who quickly submitted written opposition to the Clerk on March 19, 2012, claiming: he had not been served with an application to enter default; he had "filed an answer in the form of a motion to dismiss"; and plaintiff did not have standing to sue. The Clerk entered default judgment against defendant in the amount of $19,366.77, with costs taxed in the amount of $269.12, on March 21, 2012. We assume the Clerk did not consider — perhaps she did not receive — defendant's written response because defendant's opposition was not mentioned in the judgment and because the normal course, upon receipt of opposition, would have required the Clerk to refer the matter to the court for disposition.

On May 14, 2012, shortly after plaintiff sought discovery of defendant's assets, defendant moved for relief pursuant to

---

[1]The copy of the pleading contained in the appendix is only partially legible and does not reveal the date default was entered. The judge's August 6, 2012 written opinion notes that default was entered on December 6, 2011.

Rule 4:50-1. The trial judge denied this motion for reasons set forth in a written opinion, concluding that defendant had not shown his failure to file an answer was excusable because he should have understood his earlier unsuccessful motion would not be viewed as an answer. The judge also determined that defendant failed to present a meritorious defense, finding the allegation of plaintiff's lack of standing insufficient in this regard.[2]

II

In this pro se appeal, defendant argues: (1) an ex parte application for entry of default in these circumstances was not permitted; (2) he was wrongfully denied oral argument on the return date of his Rule 4:50-1 motion; (3) the trial judge held him "to a more stringent standard" than plaintiff; and (4) plaintiff "has provided no credible evidence that [it] ha[d] standing to file this action." Because we agree plaintiff was not entitled to apply for default without notifying defendant and because defendant presented a meritorious defense — even though he was not obligated to do so under these circumstances —

_____

[2]That is, we discern from the record that the judge did not reject the standing argument on its merits, but only held that it did not constitute an adequate defense to plaintiff's claim.

we reverse without considering defendant's second and third points.

A

Although the trial judge couched defendant's motion as resting on the excusable-neglect provision in Rule 4:50-1(a), the essence of the motion was that plaintiff had proceeded improperly in seeking default. Accordingly, the motion more logically rested on the void-judgment provision in Rule 4:50-1(d).[3] We thus look to the procedure adopted by plaintiff in seeking defendant's default.

Default was sought on the basis of Rule 4:43-1, which allows a plaintiff to make an ex parte request of the Clerk for default if the defendant "has failed to plead or otherwise defend as provided by these rules or court order, or if the answer has been stricken with prejudice." Defendant fit neither of these two descriptions. He had "otherwise defend[ed]" because he had moved for dismissal, and he was not "a party . . . [whose] answer ha[d] been stricken with prejudice" because he had not filed an answer. Defendant's peculiar status as a party who had once defended but did not answer is not expressly

_____

[3]Regardless of those provisions upon which defendant expressly based his motion, the court was required to apply those that were actually implicated by the motion. Baumann v. Marinaro, 95 N.J. 380, 390 (1984).

encompassed by Rule 4:43-1.[4]  Because that rule delineates all the circumstances upon which an ex parte default may be requested, it stands to reason that plaintiff was required to request default by motion on notice to defendant.

Our procedural rules were designed to be "a means to the end of obtaining just and expeditious determinations between the parties on the ultimate merits," Raqusa v. Lau, 119 N.J. 276, 284 (1990) (quoting Tumarkin v. Friedman, 17 N.J. Super. 20, 27 (App. Div. 1951), certif. denied, 9 N.J. 287 (1952)), a policy that requires rejection of plaintiff's invitation to interpret Rule 4:43-1 broadly.  The absence of express authority in Rule 4:43-1, in light of the "strong preference for adjudication on the merits rather than final disposition for procedural reasons," Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 356 (2001) (quoting Mayfield v. Cmty. Med. Assocs., P.A., 335 N.J. Super. 198, 207 (App. Div. 2000)), demands that the unauthorized ex parte default — and the subsequent judgment based on that default — be vacated and that defendant be given an opportunity to file an answer and defend against plaintiff's claim.

---

[4]Whether we have properly interpreted the breadth of Rule 4:43-1 is a matter which the Supreme Court's Civil Practice Committee may wish to consider.

We further observe that defendant took the position his motion constituted an answer to the complaint. The trial judge held that defendant's assumption was not reasonable or excusable; defendant could not, in the judge's view, reasonably believe his motion constituted an answer mainly because the motion was denied. We conclude that the judge too strictly interpreted defendant's actions and his reasonable expectations in the aftermath of the denial of the motion to dismiss.

The motion to dismiss asserted plaintiff lacked standing to sue, and the judge — in denying that motion — certainly never ruled on the merits of the standing question. Instead, the judge first wrote in the margin of the order that "the complaint on its face sets forth a cause of action and [d]efendant's motion must thus be denied." The second and last sentence of this handwritten decision requires closer analysis. That sentence referred to the rejected text of defendant's proposed order, which sought from plaintiff, among other things, "the actual contract of assignment," the contract upon which the claim was based, and "the original creditor[']s last billing statement." In the second and last sentence of the judge's written disposition of the motion to dismiss, she concluded: "Defendant may receive the documents upon which [p]laintiff

relies in this matter in discovery, upon request by [d]efendant."

Although an attorney would understand, upon denial of the dismissal motion, that defendant was still required to file an answer and any affirmative defenses, it was not unreasonable for this pro se defendant to assume nothing further was required of him in light of the judge's ruling on standing, and it was not unreasonable for defendant to assume from the order that the parties would thereafter engage in discovery.[5]  See Rubin v. Rubin, 188 N.J. Super. 155, 159 (App. Div. 1982) (recognizing that, although pro se litigants are not entitled to greater rights than represented litigants, due process principles permit the imposition of a procedural bar only after consideration of the pro se litigant's "reasonabl[e] expect[ations]" about what had occurred).  This circumstance formed a sound basis for relief pursuant to the excusable-neglect provision in Rule 4:50-1(a). In short, the judge was required but failed to liberally indulge defendant's assertions "to the end that a just result is reached."  Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div.), aff'd, 43 N.J. 508 (1964); see also Mancini v. EDS

---

[5]The order denying the motion to dismiss neither directed the filing of an answer nor set forth a deadline for that filing.

ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993).

C

The trial judge also denied defendant's Rule 4:50-1 motion because she determined defendant had not presented a meritorious defense. In seeking relief from a void judgment, however, a movant is not required to demonstrate a meritorious defense. See Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 86, 108 S. Ct. 896, 899-900, 99 L. Ed. 2d 75, 81-82 (1988); City of Passaic v. Shennett, 390 N.J. Super. 475, 486 (App. Div. 2007). But, even if we were to conclude otherwise, defendant's claim of plaintiff's lack of standing constituted a legitimate defense to the claim asserted in plaintiff's complaint.

III

For these reasons, we reverse the order denying defendant's motion to vacate the default and the default judgment, and we remand for entry of an order providing defendant with a fair and adequate time to file an answer to the complaint.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0562-12T4