**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3168-15T1

PORTFOLIO RECOVERY ASSOCIATES,
LLC,

      Plaintiff-Respondent,

  v.

SIRISRI LIWATTANA,

      Defendant-Appellant.

_____

      Submitted May 23, 2017 — Decided  June 7, 2017

      Before Judges Fisher and Leone.

      On appeal from the Superior Court of New
      Jersey, Law Division, Special Civil Part,
      Hudson County, Docket No. DC-013075-15.

      Sirisri Liwattana, appellant pro se.

      Thomas M. Murtha, attorney for respondent.

PER CURIAM

    Plaintiff Portfolio Recovery Associates, LLC, commenced this special civil part action, claiming defendant Sirisri Liwattana owed $11,423.01 on a book account. The record on appeal is not entirely clear, but we assume for present purposes the truth of plaintiff's assertion that defendant's time to respond to the

complaint expired on January 25, 2016. The following day, January 26, 2016, defendant filed a motion to dismiss the complaint. That motion was not rejected by the clerk's office as an untimely response to the complaint or because the existing filings might have suggested defendant was in default; instead, the motion was placed on a motion calendar and denied on its merits on February 19, 2016.

On February 17, 2016, plaintiff applied for entry of a default judgment — notwithstanding the pending motion to dismiss that was denied two days later — suggesting in its application that defendant had not appeared in the case.[1] True, defendant had not filed an answer, but the pending motion constituted a responsive pleading. See Midland Funding, LLC v. Albern, 433 N.J. Super. 494, 498-99 (App. Div. 2013).

Plaintiff's application for default judgment and defendant's motion to dismiss were like ships that pass in the night. Neither party responded to the other's application. Plaintiff's

_____

[1] The application for default judgment did not assert defendant was actually in default. One of the supporting affidavits, however, includes statements by plaintiff that: it "believe[d] no defendant herein is an infant or incompetent person"; the address used for service of process "is the [d]efendant's current address according to [p]laintiff's computer records"; and, after "diligent inquiry," to plaintiff's knowledge defendant was "not in the military service." These assertions could have led the clerk to assume defendant had not appeared in the action.

application was granted two days before defendant's motion was denied. There is no indication the motion judge was aware the clerk had entered a default judgment.

Defendant appeals. He submitted a brief containing nine separate arguments, including contentions that the judge erred in denying the unopposed motion to dismiss and the clerk erred in entering a default judgment when the case was contested. We need not discuss all defendant's arguments. It is clear that we must vacate the default judgment, affirm the denial of the motion to dismiss and remand this contested matter to the trial court.

Our procedural rules favor adjudications on their merits and not on mere technicalities. See Ragusa v. Lau, 119 N.J. 276, 284 (1990); Handelman v. Handelman, 17 N.J. 1, 10 (1954). As then Judge (later Justice) Jacobs said for this court in Tumarkin v. Friedman, 17 N.J. Super. 20, 27 (App. Div. 1951), certif. denied, 9 N.J. 287 (1952), the rules were designed to be "a means to the end of obtaining just and expeditious determinations between the parties on the ultimate merits." This sentiment is encapsulated in Rule 1:1-2(a), which declares that the essential purpose of our rules is "to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay."

By the time plaintiff sought a default judgment, defendant had appeared by filing a responsive pleading in the form of a motion to dismiss. Defendant's only fault — if there was fault at all — was in filing the motion to dismiss a day later than required and, consequently, in failing to seek an extension of time to respond to the complaint, an application we assume would have been readily granted. Simple, fundamental fairness barred entry of the default judgment even if defendant's appearance was a day late.

The February 19, 2016 order denying defendant's motion to dismiss is affirmed,[2] the default judgment of February 17, 2016 is vacated, and the matter is remanded to the trial court for entry of an order permitting defendant to file an answer to the complaint within a fixed time and allowing the matter to proceed as a contested case if he answers.

Affirmed in part, vacated in part, and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] We find insufficient merit in defendant's arguments regarding the denial of his motion to dismiss to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

A-3168-15T1