**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3391-15T1

MING ZHANG,

    Plaintiff-Appellant,

v.

SONDRA MINUSKIN,

    Defendant-Respondent.

_____

Submitted June 6, 2017 — Decided July 20, 2017

Before Judges Koblitz and Rothstadt.

On appeal from Superior Court of New Jersey,
Law Division, Monmouth County, Docket No. L-
3223-14.

B. David Jarashow, attorney for appellant.

Roth D'Aquanni, attorney for respondent
(Michael A. D'Aquanni, on the brief).

PER CURIAM

    Plaintiff Ming Zhang appeals from the January 8, 2016 order

granting defendant's unopposed motion for summary judgment.

Plaintiff also appeals from the March 4 and April 15, 2016 orders

denying his motions for reconsideration. Because of our concern that the motion be heard with input from both sides, we reverse and remand to give plaintiff an opportunity to respond to the summary judgment motion.

Plaintiff's pro se complaint alleges that he loaned defendant $65,000 to pay off her student loans and paid $9416 for diamond earrings and $990 for an iPad, all provided to defendant in contemplation of marriage. After receiving these favors, defendant left their apartment to live at an unknown location and plaintiff now seeks the return of the money and items.

Defendant, through counsel, served a motion for summary judgment on defendant by Lawyers Service at plaintiff's front door. When plaintiff did not respond to the motion, the court granted defendant's unopposed summary judgment motion. Defense counsel mailed the order granting summary judgment to plaintiff, who immediately filed a motion for reconsideration, alleging he never received the motion papers because he does not use his front door.

Plaintiff credibly swore that he did not receive mail or deliveries at that door, although front-door delivery by Lawyers Service constitutes good service. R. 1:6-3(c); R. 1:5-4(c). As soon as defense counsel sent him the order by regular mail, plaintiff filed his inartful first motion for reconsideration. He

hired an attorney to file the second such motion. We agree that self-represented litigants must follow the same rules as counsel, see Ridge at Back Brook, LLC v. Klenert, 437 N.J. Super. 90, 99 (App. Div. 2014), but at the same time there is a strong preference that cases be decided on the merits. Midland Funding LLC v. Albern, 433 N.J. Super. 494, 499 (App. Div. 2013). Because plaintiff demonstrated no dilatory practices except in connection with his non-response to the summary judgment motion he denied receiving, we reverse and remand.

The court should reconsider the motion after plaintiff is given an opportunity to respond. Reversed. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION