**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4779-17T3

IN THE MATTER OF THE ESTATE
OF LEE A. HARRIS, deceased.

_____

Argued September 13, 2018 – Decided September 25, 2018

Before Judges Fisher and Firko.

On appeal from Superior Court of New Jersey, Chancery Division, Probate Part, Ocean County, Docket No. 125518.

Bryan Killian (Morgan, Lewis & Bockius LLP) of the District of Columbia bar, admitted pro hac vice, argued the cause for appellant Bank of America, N.A. (Morgan, Lewis & Bockius LLP, and Bryan Killian, attorneys; Harvey Bartle IV and Sean Radomski, on the brief).

Joel M. Silverstein argued the cause for respondents Jennifer Harris-Jacobus, Julie K. Harris, Karen Harris, and Kimberly H. Cuneo (Stern Kilcullen & Rufolo, LLC, attorneys; Joel M. Silverstein, Michael Dinger and John E. Travers, on the brief).

PER CURIAM

We granted leave to appeal orders that denied the motions of Bank of America, N.A. (the bank) to file an answer out of time and to vacate a default – entered after the bank failed to obtain the action's dismissal and then neglected to file an answer – in this contested and convoluted probate matter. Because we conclude the judge mistakenly exercised her discretion and failed to liberally indulge the bank's application, we reverse the orders under review and remand for entry of an order permitting the filing of an answer out of time.

Lee A. Harris passed away in 1997. He had executed a will in 1994 that called for his assets to "pour over" into trusts created by a revocable trust agreement executed at the same time. The will named Summit Bank and decedent's widow as co-executors of the estate and co-trustees of the trusts. In 2006, the two trusts earlier created were reconfigured, resulting for a time in the existence of four trusts.

Following a merger, the bank succeeded to the positions held by Summit Bank, and, in 2015, decedent's widow passed away. In 2016, decedent's four children (plaintiffs) filed complaints in the Probate Part seeking accountings regarding the administration of the four trusts. Early the following year the bank submitted four accountings and filed its own complaint seeking a judgment approving those accountings.

A-4779-17T3

In May 2017, as the Surrogate audited the accountings, plaintiffs filed yet another complaint. This complaint sought an accounting for the eighteen-month period between decedent's death and the date upon which the estate assets were "poured over" into the trusts. After the Surrogate completed the audit in July 2017, plaintiffs filed exceptions to the four accountings and discovery ensued.

As for the complaint in question in this appeal – the complaint seeking an accounting for the eighteen months that followed decedent's death – the bank exercised its option of timely moving for dismissal rather than filing an answer. See R. 4:6-1(b). The bank argued that the complaint was barred by the statute of limitations and by plaintiffs' alleged lack of standing. That motion was denied. While the order memorializing that determination lacked a date for the filing of a responsive pleading, Rule 4:6-1(b) imposes a ten-day deadline following the motion's denial. The bank did not timely file an answer. Notwithstanding, the parties continued to engage in discovery into 2018 and, by the end of January 2018, the bank provided an informal accounting for the eighteen-month period in question.

At a February 2018 case management conference, the judge established a 180-day discovery period. Plaintiffs revealed at the conference their intent to default the bank because of its failure to file an answer to the complaint.

A-4779-17T3

Awakened to its omission, the bank moved for leave to file an answer out of time that the judge denied. After plaintiffs requested the entry of default, the bank moved to vacate. That motion was also denied, prompting the bank's motion for leave to file an interlocutory appeal that we readily granted.

Motions to vacate default judgments are to be liberally indulged. Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div.), aff'd, 43 N.J. 508 (1964). This tolerance is extended further when considering whether to vacate a mere default – a circumstance where the motion's opponent does not have a valued judgment already in hand. There being no prejudice to plaintiff, we agree with the bank that the judge failed to apply our familiar standard of indulgence and the overarching interest in ensuring that cases are adjudicated on their merits rather than on procedural niceties or technical reasons. Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 356 (2001); Midland Funding LLC v. Albern, 433 N.J. Super. 494, 499 (App. Div. 2013). As is readily apparent, the bank merely omitted filing its responsive pleading. It cannot be logically argued that the bank intended to so gain an advantage. Indeed, in the interim, the bank provided plaintiffs with an informal accounting for the eighteen-month period, so that the relief plaintiffs seek has not been appreciably delayed by the absence of a responsive pleading. Rather than permit this suit to proceed on a one-sided basis,

4

the judge should have vacated the default and allowed the parties to proceed without one side shackled by a default arising from mere inadvertence.

We emphasize that this was not a situation where a defendant failed to appear and allowed the action to proceed in its absence before tardily seeking to become involved, thereby unsettling established benchmarks in the action. The bank "appeared" in this action by moving for dismissal; consequently, greater caution was required before concluding that the failure to file a responsive pleading should signal the death knell for that party's further participation. See Midland Funding, 433 N.J. Super. at 499.

In the final analysis, the judge was required to consider that the bank was and remained deeply involved in the other pending trust and estate matters and was fully present in this very case despite the absence of an answer. In denying the bank's motion for relief from the default, the judge erroneously exalted form over substance.[1]

---

[1] We lastly pause to mention plaintiffs' insistence that the judge's orders denying leave to file an answer out of time or to vacate the default were based on the bank's alleged vexatious conduct, citing Abtrax Pharm., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499 (1995). We reject this. To be sure, the judge cited Abtrax and other similar decisions, but she clearly mixed apples and oranges in doing so. This confusion may have very well stemmed from the confusion that has continued in this court, as the bank and plaintiffs cannot even agree at this stage – and we cannot satisfactorily discern from the record – whether the default that was entered applied to the action for the eighteen-month accounting or to that and

The orders denying the bank's motion to file its responsive pleading[2] out of time and motion to vacate the default are reversed and the matter remanded for an order granting the bank leave to file out of time its answer, affirmative defenses, and third-party complaint. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

all other suits pending. Our attempts to seek clarity about this are particularly hampered by the fact that each of the complaints filed regarding this estate were not assigned their own "P" docket number, as is the practice, but were all instead erroneously filed under the same surrogate docket number; consequently, all pleadings seem to bear this same docket number, confounding anyone's ability to know what pleading relates to which action. In any event, the bank's unsuccessful motion to file an answer out of time and unsuccessful motion to vacate the default, entered on the basis of Rule 4:43 (the failure to file a timely responsive pleading) as the orders reflect, related to the complaint for the eighteen-month accounting. We think it a misuse of the authority recognized in cases like Abtrax – a power arising from a party's contumacious failure to comply with discovery orders – to override the liberal indulgence of an appearing party's omission to file an answer. To the extent that was the judge's intention, we view the failure to liberally indulge a request to vacate a default or to file an answer out of time based on contumacious conduct alleged to have occurred in some other related lawsuit as an abuse of discretion. And, even if that were not so, we fail to see how an ongoing dispute about the sufficiency of filed accountings and the merit of exceptions filed to those accountings, amounts to the level of contumaciousness asserted by plaintiffs and ostensibly endorsed by the judge in her rulings.

[2] We offer no view on the argument that the bank's nascent third-party complaint is not sustainable as a matter of law. A reviewable record has not been established to date on whether the bank may maintain an action against the estate of the now-deceased widow. The parties may continue to argue that question in the trial court following today's remand.

A-4779-17T3