## NOT FOR PUBLICATION WITHOUT THE
## APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4330-17T1

KENNETH ZAHL,

     Plaintiff-Respondent,

v.

HIRAM EASTLAND, JR.,
EASTLAND LAW OFFICES,
and EASTLAND LAW OFFICES,
PLLC,

     Defendants-Appellants.

_____

Argued April 1, 2019 – Decided May 8, 2019

Before Judges Messano and Fasciale.

On appeal from Superior Court of New Jersey, Law Division, Morris County, Docket No. L-0851-16.

Bruce D. Greenberg argued the cause for appellants (Lite De Palma Greenberg LLC, attorneys; Bruce D. Greenberg, on the briefs).

David E. Maran argued the cause for respondent (Maran & Maran, PC, attorneys; David E. Maran, on the brief).

PER CURIAM

Plaintiff Kenneth Zahl filed a complaint in the Law Division naming Mississippi attorney, Hiram Eastland, Jr. (Eastland), and his associated Mississippi law firms, Eastland Law Offices and Eastland Law Offices, PLLC, as defendants.[1]  Plaintiff alleged defendants committed malpractice in their unsuccessful representation of him, in, among other things, a federal lawsuit alleging Racketeer Influenced and Corrupt Organizations (RICO) violations against various New Jersey officials and offices arising from the prosecution of disciplinary actions against plaintiff and revocation of his medical license.  See In re License Issued to Zahl, 186 N.J. 341 (2006).

When defendants did not answer, plaintiff obtained default, which the court eventually vacated, on defendants' motion.  The court denied defendants' motion to dismiss for "lack of personal jurisdiction" without prejudice, ordering instead that the parties "complete discovery on the issue," and plaintiff serve "an [a]ffidavit of merit for any claim for alleged legal malpractice . . . ."  Pursuant

_____

[1]  An earlier complaint also named a New Jersey attorney, Robert Conroy, and associated firms, Kern Augustine Conroy & Schoppmann, PC and Kern Augustine, PC (the Conroy Defendants), which had sponsored Eastland's pro hac vice admission in New Jersey and also represented plaintiff in the underlying litigation.  Plaintiff subsequently settled his claims against the Conroy Defendants.

to the order, defendants served personal jurisdiction interrogatories and other discovery requests on plaintiff in March 2016.  Apparently, for administrative reasons, the court dismissed plaintiff's complaint without prejudice, and he filed another, asserting the same claims, which defendants answered, again asserting lack of jurisdiction.

Plaintiff served discovery requests — legal malpractice interrogatories and a notice to produce documents, including defendants' file and billing records — that went unanswered.  On October 31, 2017, the court granted plaintiff's motion to compel and extended discovery for sixty days.

On January 9, 2018, plaintiff moved to suppress defenses and schedule a proof hearing for February 2, 2018.  Counsel's certification failed to comply with the requirements of Rule 1:6-2(c), nor did counsel certify that plaintiff was not in default of his discovery obligations.  See R. 4:23-5(a)(1).  In fact, plaintiff had not answered defendants' discovery requests, first served nearly two years earlier.  Plaintiff provided this discovery on January 31, 2018.

On the same day, defendants served a letter on the motion judge and plaintiff's counsel requesting an adjournment.  Eastland stated that plaintiff was in default of discovery, and he described the serious medical conditions that

A-4330-17T1

allegedly plagued him, and in turn, his law practice, during the prior six months. Defendants again asserted lack of personal jurisdiction.

The motion judge's February 2, 2018 order suppressed defendants' pleadings without prejudice and denied plaintiff's request for "a proof hearing." Although not entirely clear from the record, in response to the court's notice that the complaint would be dismissed pursuant to Rule 1:13-7 or Rule 4:43-2, plaintiff apparently requested another proof hearing, which the court scheduled for April 11.[2] Eastland again requested an adjournment and an opportunity to move to dismiss for lack of jurisdiction. Plaintiff filed opposition.

Defendants then supplied answers to plaintiff's discovery requests, and Eastland again sought an adjournment of the proof hearing. In an April 9 letter to the judge, Eastland asked that the judge vacate the prior order suppressing defendants' pleading without prejudice and reinstate the answer because they were no longer delinquent in discovery obligations.

---

[2] The notice said the complaint would be dismissed pursuant to Rule 1:13-7 or Rule 4:43-2 "unless action required under the above rules is taken." In an April 2, 2018 email to Eastland, plaintiff's counsel mistakenly explained this required him to proceed with the proof hearing and obtain default judgment, or risk dismissal. Rule 1:13-7(c)(2) provides that the proposed administrative dismissal may be staved off by the filing of a request to enter default. In other words, plaintiff did not have to schedule a proof hearing, and, indeed, as we explain, the judge's decision to conduct a proof hearing was improper.

A-4330-17T1

The record does not reveal any response to defendants' request, but, on April 11, the judge conducted a proof hearing. Defendants did not appear. Plaintiff produced an "expert witness," Laura S. Johnson, a licensed New York attorney who worked for a consulting company, Sterling Analytics Group LLC, located in Woodbury, New York. Johnson reiterated the salient points of her expert report, in which, upon review of defendants' billing records and conversations with plaintiff, she opined that defendants' billing practices were unreasonable and unjustified given the amount of work performed. The report concluded all of defendants' invoices — totaling $927,342 — were "objectionable."

At the hearing, Johnson opined that based on the limited information available, a reasonable fee for defendants' work on plaintiff's behalf was "$93,750." The judge concluded that plaintiff was entitled to a default judgment of $1,057,374.[3] The April 13, 2018 order for judgment reflects that amount and $3800 in additional costs and expenses attributable to Johnson's efforts. This appeal followed.

---

[3] From the transcript alone, and without additional documentary evidence Johnson used during the hearing, it is difficult to ascertain exactly how the judge reached this figure.

A-4330-17T1

Defendants contend the judge misapplied Rules 4:23-2 or 4:23-5, which provide sanctions for delinquent discovery, and, since they supplied discovery prior to the proof hearing, the judge should have restored their pleading and not entered default judgment. Defendants further argue that Eastland's serious medical condition and the alleged theft of defendants' computer systems, making it impossible to respond to some of the discovery requests, amounted to "extraordinary circumstances." Lastly, defendants contend the proofs adduced at the hearing do not support the judgment.

In considering these arguments, it is difficult to know where to begin to explain the abject failure on the part of all involved — plaintiff, defendants (who throughout the proceedings were represented by Eastland himself), and the motion judge — to abide by and follow Part IV rules governing practice and procedure of civil actions in the Law Division. R. 4:1. These transgressions individually and certainly collectively led to a mistaken exercise of the judge's discretion, satisfying the highly deferential standard of review we apply before reversing a motion court's resolution of discovery disputes. See, e.g., Capital Health Sys., Inc. v. Horizon Healthcare Servs., Inc., 230 N.J. 73, 79-80 (2017) (citing Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011)) (noting an appellate court's review of a trial court's discovery order is limited,

A-4330-17T1

and we will defer to the judge's rulings "absent an abuse of discretion or a . . . misunderstanding or misapplication of the law").  During oral argument before us, defense counsel referred to the proceedings as a "train wreck."  We agree, and therefore reverse, vacate the judgment, and remand for further proceedings.

Rule 4:23-5 creates a process that must be satisfied before the court may grant a motion to dismiss with prejudice for discovery violations involving interrogatories and the production of documents.  See Thabo v. Z Transp., 452 N.J. Super. 359, 369 (App. Div. 2017).  Here, plaintiff's discovery requests — legal malpractice interrogatories and production of documents — were governed by Rule 4:23-5.  Subsection (c) of the rule permits the non-delinquent party first to seek an order to compel production.  Although plaintiff's counsel never cited a particular rule under which he was proceeding, we assume Rule 4:23-5(c) provided the authority for the entry of the court's October 31, 2017 order.

However, subsection (c) charts the path for what was supposed to happen next if, as occurred here, defendants failed to supply the discovery:  "If the delinquent party fails to comply . . . , the aggrieved party may apply for dismissal or suppression pursuant to subparagraph (a)(1) of this rule . . . ."  R. 4:23-5(c).  Instead, plaintiff filed a motion "to suppress defenses and schedul[e] a proof

hearing." The requested relief conflated both Rule 4:23-5 and Rule 4:43, and the procedure compelled by each of those rules.[4]

Dismissal without prejudice is the first step under the rule. R. 4:23-5(a)(1). The non-delinquent party may seek dismissal with prejudice after sixty days if the delinquent party has not cured the deficiency and moved to restore the pleading. R. 4:23-5(a)(1)-(2). When it comes to the listed modes of discovery, Rule 4:23-5 must "be scrupulously followed and technically complied with." Thabo, 452 N.J. Super. at 369 (citing Sullivan v. Coverings & Installation, Inc., 403 N.J. Super. 86, 95 (App. Div. 2008)). Here, the motion judge's February 2, 2018 order properly suppressed defendants' pleading without prejudice. At this point, however, the litigation train left its tracks. Plaintiff never proceeded to step two, i.e., the suppression of defendants' pleading with prejudice. R. 4:23-5(a)(2).[5]

---

[4] We need not repeat that the motion failed to certify plaintiff was not delinquent in discovery obligations. In a letter to the motion judge immediately before the proof hearing, plaintiff's counsel asserted as an excuse for the late responses that defendants' jurisdictional discovery demands were served under the prior complaint, and defendants failed to remind plaintiff of his delinquency until they responded to plaintiff's motion.

[5] Plaintiff never cited Rule 4:23-2 as a basis for suppressing defendants' pleading, and we do not think it applies, given the express provisions of Rule 4:23-5 as they relate to interrogatories and production of documents. In any

Instead, the court acceded to plaintiff's request for a proof hearing. "Rule 4:43-1 . . . allows a plaintiff to make an ex parte request of the [c]lerk for default if the defendant 'has failed to plead or otherwise defend as provided by these rules or court order, or if the <u>answer has been stricken with prejudice</u>.'" <u>Midland Funding LLC v. Albern</u>, 433 N.J. Super. 494, 498 (App. Div. 2013) (emphasis added). The record does not indicate that the clerk had actually entered default, but, assuming arguendo she had, there is a more important reason why proceeding to a proof hearing was improper.

"A default judgment may be entered in plaintiff's favor when an answer is stricken only if the order striking it is with prejudice." Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 1 on <u>R.</u> 4:43-1 (2019). As already noted, defendants' pleading was never dismissed with prejudice prior to the default hearing. <u>See</u> <u>Sullivan</u>, 403 N.J. Super. at 96 (holding the "plaintiff's complaint remain[ed] dismissed without prejudice," when the other party did not formally move for dismissal with prejudice).

---

event, while the court may "strik[e] out pleadings . . . with or without prejudice, or render[] a judgment by default against the disobedient party" which "fails to obey an order to provide . . . discovery," <u>Rule</u> 4:23-2(b)(3), the motion judge's order only suppressed defendants' pleading without prejudice.

9

In Kolczycki v. City of East Orange, despite agreeing that the judge did not abuse his discretion in suppressing defenses, we nonetheless reversed a default judgment because the orders were "without prejudice." 317 N.J. Super. 505, 516 (App. Div. 1999). We held, "actions as profound in their effect as a suppression of defenses cannot be informally ordered or informally enforced . . . . [D]efendants should not have been barred from any defenses, . . . until and unless a 'with prejudice' order was entered." Ibid.

It was, therefore, a mistaken exercise of discretion for the judge to proceed to a default hearing based on alleged discovery misconduct when defendants' pleading was not yet dismissed with prejudice. "[T]he 'strong preference for adjudication on the merits rather than final disposition for procedural reasons,' demands that the unauthorized ex parte default — and the subsequent judgment based on that default — be vacated . . . ." Midland Funding, 433 N.J. Super. at 499 (quoting Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 356 (2001)). As a result, we do not need to reach the merits of defendants' other arguments.

Lest our holding be misconstrued, we recognize there was more than enough blame to go around in this case. We do not condone defendants' dilatory conduct and informality in addressing the impending suppression of their pleadings. Whatever excuses were offered, defendants failed to supply

10

discovery in a timely fashion, and they never made a formal motion to reinstate their pleadings as required by Rule 4:23-5(a)(1).

Reversed. We vacate the judgment under review and remand the matter to the Law Division. Defendants' pleading remains stricken unless and until they comply with the rule that governs its restoration. We leave the conduct of any further discovery, and resolution of defendants' challenge to the court's jurisdiction, to the Law Division judge's sound discretion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION