**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3714-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

$3,979.00 IN U.S. CURRENCY,
SEIZED FROM THE POSSESSION
OR CONSTRUCTIVE POSSESSION
OF HARMESH KUMAR, 2008
TOYOTA PRIUS, VEHICLE
IDENTIFICATION NUMBER
JTDKB20U083351440, REGISTERED
IN THE NAME OF HARMESH
KUMAR, 9500 IN RUPEES, SEIZED
FROM THE POSSESSION OR
CONSTRUCTIVE POSSESSION OF
HARMESH KUMAR, and TWO
GOLD PLATES SEIZED FROM THE
POSSESSION OR CONSTRUCTIVE
POSSESSION OF HARMESH KUMAR,

     Defendant-Appellant.

_____

Submitted June 2, 2022 – Decided July 19, 2022

Before Judges Gooden Brown and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. DC-000081-21.

Leon Matchin, attorney for appellant.

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Susan L. Berkow, Special Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In this forfeiture action, appellant Harmesh Kumar appeals from an order denying his motion to vacate default judgment. The trial court entered default judgment after Kumar had failed to appear at a settlement conference. Kumar contends he did not appear at the conference because he had not received any notice of the conference. Because the denial of the motion to vacate was based on a mistaken exercise of discretion, we reverse and remand.

I.

On October 27, 2020, Kumar was arrested on drug-related charges. According to the State, police executed search warrants for Kumar, his vehicle, and his residence. The police seized, among other things, $3,979 in United States currency, 9,500 rupees with an estimated value of $121.71, two one-ounce gold plates with an estimated value of $3,400, and a 2008 Toyota Prius.

On January 6, 2021, the State filed a complaint in the Law Division, Special Civil Part, seeking forfeiture of those items pursuant to the Forfeiture and Seizure of Property Act, N.J.S.A. 2C:64-1 to -13. In the complaint, the State alleged the listed seized items were subject to forfeiture pursuant to N.J.S.A. 2C:64-1(a) "as property that has been and/or was intended to be used in furtherance of unlawful activity, has become or was intended to become an integral part of unlawful activity, and/or represents the proceeds of illegal activity," including, among other drug-related activity, manufacturing, distributing, or dispensing of a controlled dangerous substance (CDS) in violation of N.J.S.A. 2C:35-5(b).

On February 3, 2021, attorney Leon Matchin filed a verified answer on behalf of Kumar, in which Kumar denied the alleged criminal activities and that the items were subject to forfeiture. Matchin stated on the answer his firm's address was "86 Washington Avenue[,] Milltown."

In the criminal matter, on June 7, 2021, Kumar pleaded guilty to one count of third-degree possession with the intent to distribute CDS, N.J.S.A. 2C:35-5(b)(3). On July 5, 2021, Kumar moved for a "civil reservation" to prevent his guilty plea in the criminal matter from being used as evidence in any subsequent civil case. The court denied that motion.

3

Pursuant to a notice dated May 26, 2021, the court scheduled a "virtual settlement conference" in the forfeiture matter for June 21, 2021. In the notice, the court advised the parties that "[p]articipation in this process is mandatory" and "[f]ailure to appear will result in a default or dismissal." The notice was addressed to attorney Matchin at "50 US H[ighway] 9 N[orth,] S[uite] 202[,] Morganville."

Neither Matchin nor Kumar appeared at the June 21, 2021 settlement conference. Consistent with the information contained in the notice, the court entered default for their failure to appear. The attorney who had appeared at the conference on behalf of the State contacted Matchin and notified him of his and Kumar's failure to appear. According to Matchin, he immediately contacted the court and advised the court neither he nor Kumar had received notice of the June 21, 2021 conference. Based on Matchin's request, the court vacated the default it had entered against Kumar for the failure to appear at the conference.

Pursuant to a notice dated June 25, 2021, the court scheduled another virtual settlement conference for July 12, 2021. In the notice, the court again advised the parties appearance at the conference was mandatory and failure to appear would result in default or dismissal. The notice was addressed to attorney

Matchin at "50 US H[ighway] 9 N[orth,] S[uite] 202[,] Morganville." Once again, Matchin and Kumar failed to appear.

Two days later, the court entered default judgment against Kumar. In its appellate brief, the State asserts with no citation to the record that the court had entered default before it entered default judgment. In a certification submitted in support of the entry of default judgment, an assistant prosecutor stated Kumar had failed to appear at the July 12, 2021 settlement conference but said nothing about the court entering default. The record is devoid of any evidence indicating the court had entered default before it entered default judgment. The court indicated on the default judgment that the motion for entry of default judgment was "unopposed." The record is devoid of any evidence indicating Kumar or his attorney was served with the motion, was otherwise notified of the motion, or had an opportunity to oppose it.

On July 25, 2021, Kumar moved to vacate the default judgment. In a certification submitted in support of the motion, Matchin stated neither he nor Kumar had received any notice of the July 12, 2021 conference and asserted they were both "totally unaware" the court had proceeded that day without them. According to Matchin, he and Kumar learned of the entry of default judgment

when the prosecutor mailed a copy of the judgment directly to Kumar and not Matchin, his attorney of record.

In a letter brief submitted in opposition to the motion, the State faulted Matchin for failing to "ensure that e[C]ourts properly reflected counsel's contact information, including email and mailing address" and argued "[t]he fact that e[C]ourts ha[d] not been updated . . . makes extremely clear that default judgment was properly entered." The State advised the court that in the criminal matter Kumar had pleaded guilty to one charge and had lost his motion for a civil reservation.

In a letter brief in reply, Matchin stated "the address appearing in [his] e[C]ourt[s] account is 86 Washington Ave[nue,] Milltown" and asserted he had not received "any mail from the court at that address" and Kumar had not received "any mail from the court at his address." He further advised the court his "email on [his] e[C]ourt[s] account [wa]s leon@attorneyleonmatchin.com and matchinleon@gmail.com, and [he] did not receive an email notification on e[C]ourt[s] about a court date."

On August 9, 2021, the court denied the motion, stating on the order: "Given that the [c]laimant has pled guilty and his motion for a civil reservation as to the forfeiture complaint has been denied, it does not appear the claimant

has a meritorious defense in this matter, therefore the motion to vacate judgment must be denied."

On appeal, Kumar argues the court violated his due-process rights by declining to vacate a default judgment the court had entered based on his failure to appear at a conference of which he had had no notice; erred in not vacating the default judgment pursuant to Rule 4:50-1 as having been entered as a result of a mistake or excusable neglect and not hearing the case on the merits; and failed to provide a statement of reasons pursuant to Rule 1:7-4.

## II.

We review a decision about a motion to vacate a default judgment under an abuse-of-discretion standard. BV001 REO Blocker, LLC v. 53 W. Somerset St. Props., LLC, 467 N.J. Super. 117, 124 (App. Div. 2021). Failing to give sufficient deference to the principles governing the motion is an abuse of discretion. Ibid.; Davis v. DND/Fidoreo, Inc., 317 N.J. Super. 92, 100–01 (App. Div. 1998). The commitment to due process and the policy favoring just resolutions of cases based on their merits are core principles that guide our trial courts in deciding these motions. Midland Funding LLC v. Albern, 433 N.J. Super. 494, 499 (App. Div. 2013) ("Our procedural rules were designed to be 'a means to the end of obtaining just and expeditious determinations between the

parties on the ultimate merits.'" (quoting Ragusa v. Lau, 119 N.J. 276, 284 (1990))). Because the trial court failed to follow those guiding principles, we reverse and remand.

Given the strong preference for adjudication on the merits, trial courts are to "view 'the opening of default judgments . . . with great liberality,' and should tolerate 'every reasonable ground for indulgence . . . to the end that a just result is reached.'" Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993) (quoting Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div.), aff'd, 43 N.J. 508 (1964)). A trial court should "liberally indulge" a party's "assertions" for the goal of reaching a just resolution of the case. Midland Funding, 433 N.J. Super. at 500. "All doubts . . . should be resolved in favor of the parties seeking relief." Mancini, 132 N.J. at 334; see also BV001 REO Blocker, 467 N.J. Super. at 124. "[T]rial courts should treat a motion to vacate more liberally where there is 'doubt about [a party's] actual receipt of the process.'" BV001 REO Blocker, 467 N.J. Super. at 126 (quoting Davis, 317 N.J. Super. at 100).

"The critical components of due process are adequate notice, opportunity for a fair hearing and availability of appropriate review." City of Passaic v. Shennett, 390 N.J. Super. 475, 485 (App. Div. 2007) (quoting Schneider v. City

A-3714-20

of E. Orange, 196 N.J. Super. 587, 595 (App. Div. 1984), aff'd, 103 N.J. 115 (1986)). "The . . . Supreme Court has noted '[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections.'" Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 300 (App. Div. 2021) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). "The absence of notice violates 'the most rudimentary demands of due process of law.'" Ibid. (quoting Armstrong v. Manzo, 380 U.S. 545, 550 (1965)). However, "default judgments will not be vacated for minor flaws in the service of process." Sobel v. Long Island Ent. Prods., Inc., 329 N.J. Super. 285, 292 (App. Div. 2000).

A lack of notice, as alleged by Kumar, is not a minor flaw. Adequate notice is an essential element of due process. In its one-sentence explanation of its decision denying Kumar's motion to vacate, the trial court did not address that critical issue. The court entered default judgment against Kumar because he had failed to appear at a settlement conference. Kumar contended he had failed to appear because he had not received notice of the conference. Kumar's counsel asserted the address to which the court had sent notice of the conference

– "50 US H[ighway] 9 N[orth,] S[uite] 202[,] Morganville" – was not the address contained in his eCourts account – "86 Washington Ave[nue,] Milltown." The court easily could have determined whether it had sent notice of the conference to the correct address by looking up counsel's address on the eCourts system. The court did not make the minimal effort nor did it, as it was required to do, "liberally indulge defendant's assertions 'to the end that a just result is reached.'" Midland Funding, 433 N.J. Super. at 500 (quoting Marder, 84 N.J. Super. at 319).

Instead of addressing it, the court leapfrogged over Kumar's due-process argument and denied the motion because Kumar had not established a meritorious defense. But the court had to determine first the due-process issue because the meritorious-defense requirement applies only to adequately-noticed parties. "Without due process, [a] default judgment is void." City of Passaic, 390 N.J. Super. at 486. "In seeking relief from a void judgment, . . . a movant is not required to demonstrate a meritorious defense." Midland Funding, 433 N.J. Super. at 501. The court erred in ignoring the critical due-process issue and in deciding the motion based solely on a lack of a meritorious defense – something Kumar did not have to establish given the lack of due process.

A-3714-20

We also are troubled by the absence in the record of proof the court entered default before entering default judgment. A court may not enter default judgment until it has entered default. Gladstone v. Berk, 233 N.J. Super. 228, 241 (App. Div. 1989); see also Clark v. Pomponio, 397 N.J. Super. 630, 641 (App. Div. 2008) ("Entry of default is a necessary predicate to a default judgment."); R. 6:6-3(d) (setting forth the procedure a party must follow to obtain default judgment once the court has entered default). A default judgment entered without entry of default is procedurally defective and cannot stand. Gladstone, 233 N.J. Super. at 241; see also Clark, 397 N.J. Super. at 641-42 (voiding default judgment when default was not properly entered).

For these reasons, we reverse the order denying Kumar's motion to vacate default judgment and remand for proceedings consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION