**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2423-21

MICHAEL J. KELSEY,

      Plaintiff-Appellant,

v.

SHANNON SOMMERVILLE and
ANNETTE SOMMERVILLE,

      Defendants-Respondents.

_____

Submitted December 13, 2023 – Decided January 19, 2024

Before Judges Currier and Susswein.

On appeal from the Superior Court of New Jersey, Chancery Division, Morris County, Docket No. C-000096-19.

Michael J. Kelsey, appellant pro se.

Adam M. Schneider, attorney for respondents.

PER CURIAM

    Plaintiff appeals from the January 19, 2022 order denying his motion to reinstate his complaint which was dismissed without prejudice in June 2021.

The June 2021 order was issued sua sponte and stated if plaintiff did not file a complaint for guardianship, the dismissal would convert to a dismissal with prejudice. We conclude the court should have granted plaintiff's motion to reinstate his complaint. Therefore, we reverse and remand for the trial court to set a preemptory trial date.

The parties are neighbors and have a longstanding dispute regarding their property line. After defendants installed a fence in 2006 or 2007, plaintiff asked them to remove it, claiming the fence was on his property. Defendants did not do so.

In 2011, defendants sought permission from the East Hanover Land Use Board (Board) to construct a two-story addition on their home. Their application included requests for certain variances. Plaintiff objected to the application, raising the property line dispute. Defendants withdrew the application.

In April 2019, defendants applied to the Board for permission to construct a one-story addition on their house, with variances for setbacks and location of a garage. Plaintiff again objected to the application, reiterating the continued dispute regarding the property line, and asserting a discrepancy between the parties' surveys. The Board approved defendants' application with amendments.

A-2423-21

Thereafter, the self-represented plaintiff filed a complaint against defendants asserting causes of action for adverse possession, trespass, and to quiet title, and sought a declaratory judgment. In the complaint, he asserted he was disabled and suffered from unspecified "medical ailments." He stated his volunteer caregiver had assisted him in the proceedings before the Board in 2011 and 2019, and in filing the complaint.

In October 2019, the case was transferred to the Chancery Division. It was referred to mediation in March 2020 but the parties were unable to reach a settlement. A trial date was scheduled for September 9, 2020, but the trial did not take place.[1] In January 2021, the court issued a case management order setting various deadlines and technical specifications in anticipation of a virtual trial set for March 25, 2021.

Thereafter, defendants moved for summary judgment and filed a pretrial memorandum. Plaintiff retained counsel who requested a thirty-day adjournment of the trial date. The trial was adjourned to April 27, 2021.

On March 23, 2021, plaintiff sought leave to file an amended complaint seeking (1) an injunction of defendants' variances, and (2) the removal of

---

[1] The record does not reflect why the trial was not convened.

defendants' fence from plaintiff's property. Defendants opposed the motion and plaintiff filed opposition to defendants' summary judgment application.

In early April, plaintiff's counsel requested an adjournment of the April 20, 2021 pretrial conference because of a family vacation. He also requested the court adjourn the trial date to May 4, 2021.

In an April 21, 2021 letter, plaintiff's counsel advised the court that plaintiff "is not well and is in need of psychiatric treatment." Counsel further stated that plaintiff "will be seen by a doctor soon and a proper letter from this doctor will be submitted to the court upon receipt."

On May 14, 2021, the court: (1) granted defendants' partial summary judgment, dismissing the adverse possession claim; and (2) denied plaintiff's motion to file an amended complaint.

On June 10, 2021, the court sua sponte entered an order of dismissal without prejudice for failure to prosecute. The order stated: "Unless a [v]erified [c]omplaint for [g]uardianship of [p]laintiff is filed within [thirty] days, dismissal shall convert to a dismissal with prejudice of the above action."

On July 8, 2021[2], plaintiff's counsel sent a letter to the court seeking reinstatement of the case on the trial calendar. Counsel explained that plaintiff

---

[2] The letter is mistakenly dated June 8, 2021.

"has been under the care of a psychiatrist which was the basis for the dismissal without prejudice." However, "[u]nder further evaluation, [the] doctor determined [plaintiff] is deemed to be competent to stand trial on his own behalf." Counsel promised to send "corroboration" of the psychiatrist's finding once the doctor returned from vacation at the end of July and requested the court "kindly reinstate this case on the trial calendar."

Defendants responded in a letter, opposing reinstatement of the litigation, and citing plaintiff's "pattern" of delaying the trial. Defendants urged the court to enforce its "specific" order and permanently dismiss the complaint.

In reply, plaintiff's counsel advised the court that plaintiff had acted in good faith and in accordance with the recommendations of his treating doctor. Counsel stated the doctor found plaintiff could participate in a trial with the assistance of counsel and did not need "a guardian for his day[-]to[-]day activities at this time." Counsel also reminded the court that defendants had also requested adjournments at the commencement of the litigation "in an effort to stall same while they were completing the construction of their home." He requested that "the matter proceed to trial at the court's earliest convenience."

On August 6, 2021, plaintiff moved to vacate the dismissal order and to reinstate his complaint. In support of the motion, plaintiff submitted a

A-2423-21

certification from counsel, attached to which was a physician's note indicating that plaintiff had "the capacity to understand, listen and digest information and to act in a logical and rational way on such information."[3]

By order and written statement of reasons dated January 19, 2022, the court denied plaintiff's motion to vacate the order of dismissal. The court found plaintiff had not complied with the terms of the June 10, 2021 order that required him to file a guardianship complaint, and defendants had been "significantly prejudiced" by plaintiff's "inexcusable delays."

The court explained:

> Trial has been delayed or adjourned due to plaintiff's inability to proceed since September 2020. The court has had the opportunity to interact with plaintiff and witness his demeanor, resulting in the directive to his attorney that a [c]omplaint for [g]uardianship be filed on his behalf. Without a [g]uardianship [c]omplaint, the court cannot properly ascertain whether plaintiff has the ability to act in his best interest, even if represented by counsel.
>
> Plaintiff's continued delays have considerably prejudiced defendants in this matter. Though defendant[s] ha[ve] not attached a schedule of attorney's fees, [they] ha[ve] objected to multiple

---

[3] The appellate record does not include this certification or the physician's note. We have derived this information from the trial court's January 19, 2022 statement of reasons issued with the order denying plaintiff's motion to vacate the dismissal order.

A-2423-21

delays in this matter, citing prejudice to defendant[s] based on "increased legal fees." . . . .

Plaintiff did not file any compliant motion pursuant to the June 10, 2021, [o]rder, and, despite notice, filed no motion until after his case was dismissed with prejudice. Specifically, two days before the required motion was due, plaintiff filed a letter explaining why [he] would not be filing any motion.

[(citations omitted).]

The court concluded: "This case remains dismissed with prejudice."

On appeal, plaintiff contends the trial court erred in not vacating the June 10, 2021 order because: (1) it was unsigned and therefore invalid; (2) it required plaintiff to file a guardianship complaint as a precondition to vacatur and reinstatement of the complaint; and (3) the court did not consider the expert medical proof that plaintiff was competent to proceed to trial.

We review the order denying plaintiff's motion for vacatur and reinstatement for an abuse of discretion. Est. of Semprevivo ex rel. Semprevivo v. Lahham, 468 N.J. Super. 1, 11 (App. Div. 2021).

Plaintiff correctly notes that the June 10, 2021 order is not signed by the judge. However, plaintiff has not shown any harm resulting from this technical oversight, which is insufficient to warrant reversal of the order on appeal.

A-2423-21

However, it is the court's mandate within the June 2021 order and the procedural deficiency in the manner in which the order was issued that constrains us to reverse the subsequent January 2022 order denying vacatur and reinstatement. Importantly, because defendants did not file a motion for dismissal, plaintiff was deprived an opportunity to present opposition. Instead, the court sua sponte dismissed the case without prejudice for failure to prosecute and required plaintiff to file a guardianship complaint to avoid dismissal with prejudice. There is no authority for that process.

Rule 1:13-7 addresses the dismissal of civil cases for lack of prosecution; Rule 1:13-7(a) sets forth the procedure for a dismissal:

> [E]xcept as otherwise provided by rule or court order, whenever an action has been pending for four months or, if a general equity action, for two months, without a required proceeding having been taken therein as hereinafter defined in subsection (b), the court shall issue written notice to the plaintiff advising that the action as to any or all defendants will be dismissed without prejudice 60 days following the date of the notice or 30 days thereafter in general equity cases unless, within said period, action specified in subsection (c) is taken. If no such action is taken, the court shall enter an order of dismissal without prejudice as to any named defendant and shall furnish the plaintiff with a copy thereof.
>
> [(emphasis added).]

A-2423-21

An action can only be dismissed by the court on its own order if a party has failed to complete a required proceeding as defined under Rule 1:13-7(b): failure to file (1) a proof or acknowledgement of service; (2) an answer; or (3) an entry of default or default judgment. Plaintiff was not deficient regarding any of those proceedings. In addition, the court did not issue written notice to plaintiff that it intended to dismiss the case without prejudice within thirty days if plaintiff did not comply with Rule 1:13-7(c).

Moreover, the court created its own required proceeding or required action, that is, a guardianship complaint, in order for plaintiff to avoid dismissal with prejudice. However, the Rule does not include that action as a premise for a court-initiated dismissal.

Guardianship proceedings are addressed in N.J.S.A. 3B:12-24 to -29 and Rule 4:86-1 to -8. To appoint a guardian, a court must find that a person is incapacitated, N.J.S.A. 3B:12-24.1, with an "[i]ncapacitated individual" defined as "an individual who is impaired by reason of mental illness or intellectual disability to the extent that the individual lacks sufficient capacity to govern himself and manage his affairs." N.J.S.A. 3B:1-2.

The record does not support the need for a guardianship proceeding. The only reference to any issue relating to plaintiff's competence was in his counsel's

April 21, 2021 letter to the court indicating that plaintiff was "not well" and needed "psychiatric treatment." That is not sufficient to establish that plaintiff was an "incapacitated individual." And the court's June 2021 order does not include any reasons for its directive to plaintiff to file a guardianship complaint or face a permanent dismissal of his action.

There may have been discussions between counsel and perhaps with the court about plaintiff's competency. But there is no record of any such conversations. We are supplied only with the correspondence as outlined above and the court's brief reference in its January 2022 order that it ordered the filing of a guardianship complaint following an "interaction" with plaintiff and observing his demeanor.

But even accepting plaintiff's counsel raised a flag regarding plaintiff's mental health, the record does not support an order compelling a guardianship complaint. To the contrary, the record reflects plaintiff was examined by a psychiatrist and within several weeks counsel informed the court and defense counsel that the psychiatrist deemed plaintiff competent and able to participate in a trial. Furthermore, plaintiff presented the court with documentation from his doctor supporting his competency assessment.

Under Rule 1:13-7(a), a plaintiff may move to vacate a dismissal order and reinstate its complaint. "The motion shall be granted on good cause shown if filed within 90 days of the order of dismissal, and thereafter shall be granted only on a showing of exceptional circumstances." R. 1:13-7(a).

Plaintiff filed the motion to vacate within ninety days of the June 2021 order. Moreover, plaintiff established "good cause" warranting reinstatement of the complaint. The June 2021 order was noncompliant with the court rules, and plaintiff's counsel's submissions attested to plaintiff's mental competence and the lack of any need for a guardianship proceeding, as well as his ability to go to trial "at the court's earliest convenience." As we have previously stated:

> "Good cause" is an amorphous term, that is, it "is difficult of precise delineation. Its application requires the exercise of sound discretion in light of the facts and circumstances of the particular case considered in the context of the purposes of the [c]ourt [r]ule being applied." Del[.] Valley Wholesale Florist, Inc. v. Addalia, 349 [N.J. Super.] 228, 232 . . . ([App. Div. 2002]). . . . Dismissals under [Rule 1:13-7] are "without prejudice." R. 1:13-7(a). Accordingly, the right to "reinstatement is ordinarily routinely and freely granted when [the] plaintiff has cured the problem that led to the dismissal even if the application is made many months later." Rivera v. Atl. Coast Rehab. [& Health Care Ctr.], 321 [N.J. Super.] 340, 346 . . . ([App. Div. 1999]).
>
> . . . Notwithstanding the adoption of the good cause standard, we are satisfied that, absent a finding of

fault by the plaintiff and prejudice to the defendant, a motion to restore under the rule should be viewed with great liberality.

[Gandhi v. Cespedes, 390 N.J. Super. 193, 196-97 (App. Div. 2007) (italicization removed).]

In sum, although the court may have been understandably frustrated by the delay in proceeding to trial, the court rules do not permit a dismissal of the complaint conditioned on the filing of a guardianship complaint. Therefore, the court erred in denying plaintiff's motion to vacate the June 2021 order and reinstate the complaint. Moreover, the court did not find, and defendants did not establish, any prejudice other than a reference to legal fees. And that is an issue that can be addressed, if appropriate, at the conclusion of the matter. As we have stated, the court rules "are based on a policy favoring the disposition of cases on their merits." Midland Funding LLC v. Albern, 433 N.J. Super. 494, 496 (App. Div. 2013).

Reversed and remanded to the trial court for further proceedings, including the scheduling of a preemptory trial date. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION