**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3032-21

PIERRE LEON,

    Plaintiff-Appellant,

v.

TOOL & TRUCK RENTAL
AT THE HOME DEPOT,

    Defendant-Respondent.

_____

Submitted November 29, 2023 – Decided July 23, 2024

Before Judges Vernoia and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-3338-19.

Paul Fernandez & Associates, PC, attorneys for appellant (Paul E. Fernandez, on the brief).

Marshall, Dennehey, Warner, Coleman & Goggin, attorneys for respondent (Kevin E. Hexstall, Walter F. Kawalec, III, and Alicia L. Calaf, on the brief).

PER CURIAM

This action arises out of plaintiff Pierre Leon's claim he was injured when he fell from a ramp that he had rented with a truck he also had rented from defendant Tool & Truck Rental at the Home Depot.[1] Plaintiff appeals from orders vacating a default judgment he had obtained against defendant and granting defendant's motion for a directed verdict at trial. We affirm.

I.

In October 2019, plaintiff filed a complaint alleging that on September 22, 2018, he had rented from defendant a flatbed truck with a "Load N Go Ramp 2012" and suffered personal injuries when he slipped and fell "about four[-]and[-]a[-]half feet off . . . the ramp." The complaint contained two causes of action: a design-defect claim and a separate negligence claim that defendant had failed to properly "supervise," "maintain," and "inspect" the ramp and otherwise failed to "exercise the degree of care required" for the ramp.

On October 29, 2019, plaintiff served the complaint and summons on an assistant store manager at defendant's Clifton, New Jersey store. On February

---

[1]  In a certification submitted to the motion court, a senior legal specialist employed by Home Depot asserted that "'Tool and Truck Rental at the Home Depot' is not a Home Depot entity." Counsel for defendant otherwise identifies Home Depot U.S.A., Inc. as the proper defendant and states it has been "incorrectly identified as Tool & Truck Rental at the Home Depot" in this matter.

A-3032-21

4, 2020, after no responsive pleading to the complaint had been filed, plaintiff submitted a request to the court for entry of default against defendant. The record on appeal does not establish the date the court entered default, but it is undisputed default was entered.

In a February 10, 2020 letter from his counsel to defendant's Clifton store, plaintiff advised that a proof hearing had been scheduled for March 13, 2020. In a May 22, 2020 letter from his counsel to the Clifton store, plaintiff provided notice of a proof hearing that had been scheduled for June 19, 2020. No other notices concerning the scheduling of the proof hearing are included in the record on appeal.

The record on appeal includes an August 21, 2020 order for judgment in the amount of $45,954.90 plus court costs entered by the court against defendant. The order states that plaintiff had "given proofs to the [c]ourt" in support of the judgment, but the record on appeal does not include a transcript of the proceeding at which the proofs were presented.

In February 2021, defendant moved to vacate default judgment. Defendant supported the motion with a certification from its counsel noting plaintiff's request for default had been accompanied by a certification of service of the complaint stating the complaint had been served on an assistant manager

3

at defendant's Clifton store. Defendant's counsel further stated the complaint had not been properly served on defendant's New Jersey registered agent and defendant had not received notice of the complaint until plaintiff attempted to execute the August 21, 2020 judgment against "Home Depot" in November 2020. Counsel asserted defendant had never been properly served with the complaint and was, therefore, entitled to vacatur of the judgment under Rule 4:50-1.

Defendant's motion was also supported by the certification of a legal specialist employed by defendant, who represented that the assistant store manager allegedly served with the complaint "is not an officer, director, trustee, managing or general agent" of defendant. The legal specialist further identified defendant's New Jersey registered agent and asserted that under Rule 4:4-4 plaintiff had to serve the registered agent with the complaint. The legal specialist also explained that the judgment had been entered against "Tool and Truck Rental at the Home Depot," which is a "non[-]Home Depot entity."

Plaintiff opposed the motion, asserting defendant had notice of the complaint because his counsel had sent a letter of representation to the Clifton store on October 1, 2018, and the complaint had been personally served on the assistant store manager on October 19, 2019, and November 6, 2019. Plaintiff

4

further contended his counsel had sent letters to the store with notice of the proof hearings that had been scheduled for March 13, 2020, and June 19, 2020, and that the August 21, 2020 default judgment had been faxed to defendant on December 17, 2020. Plaintiff's counsel also stated that he had spoken to defendant's representatives about the judgment in December 2020. In addition, plaintiff's counsel argued defendant's motion should be denied because defendant had failed to establish excusable neglect or a meritorious defense to the allegations in the complaint.

On April 1, 2021, the court issued an order granting defendant's motion to vacate default judgment. In its written statement of reasons, the court found the judgment was void for improper service, explaining that under Rule 4:4-4(a)(6) plaintiff was required to have first attempted service on defendant's general agent, or other authorized persons, before effectuating service on a person in charge of defendant's principal place of business. The court also found the default judgment had been improperly entered in the first instance because plaintiff had never filed a motion for default judgment as required by Rule 4:43-2.

Defendant filed an answer to the complaint and the matter later proceeded to trial before a jury. Plaintiff testified, explaining the manner in which the

accident occurred and the injuries he allegedly sustained. Because plaintiff's appeal involves only issues related to the occurrence of the accident, we limit our summary of plaintiff's testimony to that subject.

In pertinent part, plaintiff testified that on September 22, 2018, he went to defendant's Clifton store to rent a truck to transport a small cabinet from the place he had purchased the cabinet to his home. He spoke with an individual at the store—who plaintiff recalled was named Arvander—and explained he needed a truck with a ramp. Arvander wore a Home Depot uniform and worked in the tool department. After looking at various trucks at defendant's store with Arvander, and noting the trucks had ramps "missing" from them, plaintiff returned to the store with Arvander, who provided plaintiff with a "pair" of "load-and-go ramps." Plaintiff testified the ramps were folded and required unfolding to function as ramps for the truck. Plaintiff testified Arvander instructed him to put the ramps on the back of the truck "diagonally." Plaintiff rented the truck and ramps from defendant.

Plaintiff testified he first drove the truck to the place he had purchased the cabinet. An individual there "picked up" the cabinet and placed it in the back of the truck. Plaintiff then drove to his home where he parked the truck and opened up its back.

As described by plaintiff, he unfolded the ramps and placed them "on top of the truck diagonally," by putting one end of each ramp on the truck and the other on the ground. Plaintiff then tested the stability of each ramp by walking up them. During his direct testimony, plaintiff stated that as he went "back down" the left ramp, it "slipped from underneath him," causing his left leg to hit the ground and him to fall backwards. On cross-examination, he testified he was injured because the left ramp had slipped and "started to move."

After spending some time on the ground, plaintiff got up and slid the cabinet off the truck and onto a dolly. He rolled the cabinet into his apartment. Plaintiff then returned to the truck, placed the ramps in it, and drove to defendant's Clifton store.

During his direct testimony, plaintiff testified that when he returned to the store, he told Arvander "what [had] happened" as he was "checking out." On cross-examination, plaintiff testified he had erred and that Arvander was not present at the store when he returned the truck and ramps.

Plaintiff explained that when he returned to the store, he spoke with a Home Depot employee whose named he believed to be "Chris," who wore a name tag stating, "training supervisor" or "supervisor/trainer." Plaintiff testified he told Chris what had "happened": he had fallen "off the truck—off the ramps"

7 <span>A-3032-21</span>

and he had "slipped off the ramp that was connected to the truck." According to plaintiff, Chris then told him "the ramps [were] not for the truck" and "that's actually pretty dangerous." When asked what had caused him to fall, plaintiff responded that the ramps were not appropriate for the truck because they were not "meant for" the truck.

The remainder of plaintiff's testimony concerned his claimed efforts to report the incident to others at the store, his alleged injuries, and his treatment for them. Following the completion of his testimony, plaintiff rested his case.

Defendant then moved for a directed verdict on the design-defect and negligence claims asserted in the complaint. The court granted the motion, finding plaintiff had failed to present any evidence establishing that either the ramps or the truck had been defectively designed. Plaintiff does not challenge the dismissal of the design-defect claim on appeal and, therefore, has abandoned any claim the court erred by granting defendant's motion for a directed verdict on that claim. See Drinker Biddle & Reath LLP v. N.J. Dep't of L. & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (explaining an issue or claim not addressed in a party's merits brief on appeal is deemed abandoned).

Defendant also moved for a directed verdict on plaintiff's remaining negligence claim, noting in the complaint plaintiff alleged defendant had

negligently inspected, maintained, and cared for the truck and ramps but that plaintiff had not presented any evidence, including any expert testimony, establishing the standard for inspecting, maintaining, or caring for the truck and ramps. Defendant argued plaintiff's testimony the ramp had slipped or slid does not, by itself, establish defendant's alleged negligence in maintaining, inspecting, or caring for the truck and ramps. Defendant also asserted the record lacked any evidence that its alleged negligence proximately caused the ramp to slip or slide and plaintiff required expert testimony to establish defendant had breached a duty of reasonable care resulting in the slip or slide of the ramp that he claimed caused his fall and injuries.

Before the trial court, plaintiff's counsel defined the negligence claim as one founded on defendant's alleged failure "to properly inspect the equipment, the degree necessary for the care under the circumstances which caused . . . plaintiff . . . to fall." When asked what defendant had done negligently, plaintiff's counsel claimed defendant had given plaintiff "the wrong ramp[s]" and Chris had admitted plaintiff had been given the wrong ramps. Plaintiff's counsel argued that evidence alone was sufficient to sustain his negligence claim. Plaintiff did not argue before the trial court that the doctrine of res ipsa loquitur separately supported the claim.

9

The court rejected plaintiff's arguments, noting in the complaint plaintiff alleged defendant had negligently maintained, serviced, inspected, and exercised the degree of care required under the circumstances. The court reasoned plaintiff had failed to present any evidence establishing the standard of care for the maintenance, service, inspection, and care of the ramps such that plaintiff carried his burden of proving defendant breached a reasonable duty of care as required for his negligence claim. In short, the court found plaintiff failed to present any evidence establishing "what the requirements are and what [defendant] did incorrectly." The court also rejected plaintiff's claim he had established defendant's negligence based on his contention this was "a clear case of the wrong ramp on the wrong truck," finding that determining whether the ramps were incorrect for the truck was beyond the ken of the average juror and therefore required expert testimony plaintiff had failed to present.

The court granted defendant's motion for a directed verdict, dismissed the jury, and entered a memorializing order. Plaintiff appealed.

## II.

Plaintiff first argues the court erred by granting defendant's motion to vacate the default judgment. He claims the motion should have been denied because the motion was unaccompanied by a showing of a meritorious defense

A-3032-21

to the complaint as required under <u>Rule</u> 4:50-1, <u>see generally</u> <u>U.S. Bank Nat'l Ass'n v. Guillaume</u>, 209 N.J. 449, 468-69 (2012), and untethered to an answer to the complaint as required under <u>Rule</u> 4:43-3.

We review a court's order granting or denying a motion to vacate a default judgment under <u>Rule</u> 4:50-1 for an abuse of discretion.  <u>BV001 REO Blocker, LLC v. 53 W. Somerset St. Props., LLC</u>, 467 N.J. Super. 117, 124 (App. Div. 2021).  "The trial court's determination under [<u>Rule</u> 4:50-1] warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion."  <u>Guillaume</u>, 209 N.J. at 467.  A court abuses its discretion when its "decision 'is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'"  <u>Id.</u> at 467-68 (quoting <u>Iliadis v. Wal-Mart Stores, Inc.</u>, 191 N.J. 88, 123 (2007)).

"Our procedural rules were designed to be 'a means to the end of obtaining just and expeditious determinations between the parties on the ultimate merits[.]'"  <u>Midland Funding LLC v. Albern</u>, 433 N.J. Super. 494, 499 (App. Div. 2013) (quoting <u>Ragusa v. Lau</u>, 119 N.J. 276, 284 (1990)).  Based on the preference to adjudicate cases on the merits, courts shall "view 'the opening of default judgments . . . with great liberality,' and should tolerate 'every reasonable ground for indulgence . . . to the end that a just result is reached.'"

Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993) (quoting Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div.), aff'd, 43 N.J. 508 (1964)). "All doubts . . . should be resolved in favor of the parties seeking relief," ibid., and "trial courts should treat a motion to vacate more liberally where there is 'doubt about [a party's] actual receipt of the process[,]'" BV001 REO Blocker, 467 N.J. Super. at 126 (quoting Davis v. DND/Fidoreo, Inc., 317 N.J. Super. 92, 100 (App. Div. 1998)).

Measured against these standards, we discern no abuse of discretion in the court's granting of defendant's motion to vacate the default judgment. We reject plaintiff's reliance on any claimed deficiency in defendant's motion under Rule 4:43-3 because the Rule applies to a motion to vacate default and defendant moved to vacate the default judgment under Rule 4:50-1, not Rule 4:43-3. Moreover, as expressly provided in Rule 4:43-3, a court may set aside a default under Rule 4:50-1 where a "judgment by default has been entered." And that is precisely what the court did here.

Indeed, plaintiff argues the court erred by granting defendant's motion under Rule 4:50-1 because defendant did not make a showing of a meritorious defense. Although a showing of a meritorious defense is generally required to obtain relief from a final judgment under Rule 4:50-1, Guillaume, 209 N.J. at

12

469, such a requirement violates a defendant's due process rights where the default judgment is void because the defendant was not properly served with the complaint, see Peralta v. Heights Med. Ctr, Inc., 485 U.S. 80, 85-87 (1998); M&D Assocs. v. Mandara, 366 N.J. Super. 341, 353-55 (App. Div. 2004) (explaining a showing of a meritorious defense is not required to vacate a judgment under Rule 4:50-1 where the judgment is void because of defective service of process).

The motion court found the default judgment was void because plaintiff had failed to properly serve defendant with the complaint. See, e.g., Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425 (App. Div. 2003) (explaining "[w]hen 'a default judgment is taken in the face of defective personal service, the judgment is [generally] void'" (quoting Rosa v. Araujo, 260 N.J. Super. 458, 462 (App. Div. 1992))). Plaintiff does not argue the court erred by finding he had failed to properly serve defendant, see Drinker Biddle & Reath LLP, 421 N.J. Super. at 496 n.5; see also R. 4:4-4(a)(6) (providing the manner of service of a complaint on a corporation), and we therefore discern no basis to disturb the court's finding the judgment was void due to a lack of proper service, M&D, 366 N.J. Super. at 353-55; Jameson, 363 N.J. Super. at 425. Thus, contrary to plaintiff's claim, defendant was not required to demonstrate a

meritorious defense to obtain vacatur of the void default judgment under Rule 4:50-1(d), Midland Funding LLC, 433 N.J. at 501, and the court did not abuse its discretion by granting defendant's motion to vacate the August 21, 2020 judgment.

Plaintiff also argues the court erred by granting defendant's motion for a directed verdict. He claims that contrary to the court's determination, his "simple negligence" claim against defendant did not require expert testimony establishing the standard of care he claims defendant violated and that Chris's admission plaintiff had been provided the wrong ramps for the truck was sufficient to sustain his negligence claim. For the first time on appeal, plaintiff also argues he did not require expert testimony to support his negligence claim because the claim was otherwise supported under the res ipsa loquitur doctrine.[2]

---

[2] We do not consider or decide plaintiff's argument that his negligence claim finds sustenance under the res ipsa loquitur doctrine. See generally Jerista v Murray, 185 N.J. 175, 191-93 (2005) (explaining the elements and application of the res ipsa loquitur doctrine). Plaintiff did not raise the issue of the purported application of the doctrine before the trial court and, as our Supreme Court has explained, reviewing courts "'will decline to consider questions or issues not properly presented to the trial court when an opportunity for such presentation is available unless the questions so raised on appeal go to the jurisdiction for the trial court or concern matters of great public interest.'" Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)).

We review motions under Rule 4:37-2(b) for an involuntary dismissal and for judgment under Rule 4:40-1 following the presentation of the plaintiff's case applying the same standard as the trial court. Smith v. Millville Rescue Squad, 225 N.J. 373, 397 (2016). The motions are measured against the identical "'evidential standard: "if, accepting as true all the evidence which supports the position of the party defending against the motion and according him the benefit of all reasonable inferences which can reasonably and legitimately be deduced therefrom, reasonable minds could differ, the motion must be denied[.]"'" Ibid. (alteration in original) (quoting Verdicchio v. Ricca, 179 N.J. 1, 30 (2004)). Such "motion[s] should only 'be granted where no rational juror could conclude that the plaintiff marshaled sufficient evidence to satisfy each prima facie element of a cause of action.'" Ibid. (quoting Godrey v. Princeton Theological Seminary, 196 N.J. 178, 197 (2008)).

"To sustain a cause of action for negligence, a plaintiff must establish four elements: "'(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages.'"" Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting Polzo v. Cnty. of Essex, 196 N.J. 569, 584 (2008)). The plaintiff has the burden of presenting competent proof establishing each of the elements by a

A-3032-21

preponderance of the evidence. Ibid.; see also Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014).

Plaintiff argues the trial court erred by finding he was required to present expert testimony to establish the standard of care owed by defendant. He asserts that a plaintiff is not always required to present expert testimony to establish the duty of care by a putative negligent tortfeasor, see Maison v. N.J. Transit Corp., 460 N.J. Super. 222, 231 (App. Div. 2019), and the court erroneously dismissed his negligence claim based on his lack of a liability expert at trial. He contends the jury's common knowledge allowed it to properly decide whether defendant breached a duty of care without the need for expert testimony, and the court erred by concluding otherwise.

A plaintiff is not required to present evidence establishing the standard of care in most negligence cases. Davis, 219 N.J. at 406 (citing Sanzari v. Rosenfeld, 34 N.J. 128, 134 (1961)). Generally, "'[i]t is sufficient for [the] plaintiff to show what the defendant did and what the circumstances were. The applicable standard of conduct is then supplied by the jury[,] which is competent to determine what precautions a reasonably prudent man in the position of the defendant would have taken.'" Id. at 406-07 (alterations in original) (quoting Sanzari, 34 N.J. at 134). "Such cases involve facts about which 'a layperson's

16

common knowledge is sufficient to permit a jury to find that the duty of care has been breached without the aid of an expert's opinion.'" Id. at 407 (quoting Giantonnio v. Taccard, 291 N.J. Super. 31, 43 (App. Div. 1996)).

However, where "the matter to be dealt with is so esoteric that jurors of common judgment and experience cannot form a valid judgment as to whether the conduct of the [defendant] was reasonable," ibid. (alteration in original) (quoting Butler v. Acme Mkts., Inc., 89 N.J. 270, 283 (1982)), a "jury 'would have to speculate without the aid of expert testimony[,]'" ibid. (quoting Torres v. Schripps, Inc., 342 N.J. Super. 419, 430 (App. Div. 2001)). Thus, in those circumstances where "the 'jury is not competent to supply the standard by which to measure the defendant's conduct,'" the plaintiff is required to "'establish the requisite standard of care and [the defendant's] deviation from that standard' by 'present[ing] reliable expert testimony on the subject.'" Ibid. (alterations in original) (citations omitted); see also N.J.R.E. 702.

Plaintiff argues his negligence claim did not require expert testimony because "[i]t is common knowledge that a business owner should ensure that equipment being rented to customers is proper and fitting for its intended purpose—and that parts and pieces fit together." He similarly claims it is

common knowledge that it is negligent to rent ramps to a customer for a truck "that does not actually fit or go with it."

Plaintiff's arguments ignore the context within which the court made its determination that plaintiff was required to present expert testimony to establish the standard of care applicable to his negligence claim. In deciding defendant's motion for a directed verdict, the court considered the specific bases for the negligence claim alleged in the complaint. As addressed in detail during the colloquy on defendant's motion, plaintiff alleged in the complaint defendant negligently maintained, serviced, inspected, and cared for the ramps and truck. And, it was based on those claims the trial court determined expert testimony was required to establish the appropriate standard of care for the ramps and truck based on its determination it was beyond the common knowledge of a jury to discern requirements for the maintenance, inspection, service, and care for the ramps and truck. See State v. Cotto, 471 N.J. Super. 489, 529 (App. Div. 2022) (explaining the trial court must "'act as a gatekeeper'" to determine whether expert testimony is needed, such as for an "'area where the average person could not be expected to have sufficient knowledge'" (first quoting State v. Covil, 240 N.J. 448 (2020); then quoting State v. Doriguzzi, 334 N.J. Super. 530, 538 (App. Div. 2000))).

The record includes no evidence concerning the ramps or truck such that a juror could determine, with or without expert testimony, whether the ramps or truck had been properly maintained, serviced, inspected, or cared for. We therefore find no error or abuse of discretion in the court's determination because based on the allegations in the complaint, the sparse evidence presented at trial did not permit a jury relying on its common knowledge to determine defendant had negligently maintained, serviced, inspected, or cared for the ramps or truck. The court correctly concluded plaintiff had to present expert testimony to establish the standard of care for the bases of his negligence claim alleged in the complaint.[3]

In apparent recognition of the lack of evidence in the trial record, plaintiff does not argue the court erred by granting defendant's motion for a directed verdict on his claims defendant had negligently inspected, serviced, maintained, or cared for the ramps and truck. He also does not argue the court erred by finding he had to present expert testimony to establish the standards for

---

[3] We do not suggest expert testimony is required in every case a plaintiff alleges an item of equipment has been negligently maintained, serviced, inspected, or cared for. However, the trial court correctly made its determination based on the bases for plaintiff's negligence claim alleged in the complaint because plaintiff had otherwise presented no evidence permitting a determination that there were maintenance, service, inspection, or care issues such that a jury exercising its common knowledge could properly find defendant was negligent.

maintaining, servicing, inspecting, and caring for the ramps and truck. See Drinker Biddle & Reath LLP, 421 N.J. Super. at 496 n.5.

Instead, plaintiff argues only that he presented sufficient proof of negligence to sustain his claim because the evidence established he had been given the wrong ramps. In support of the contention, he asserts, without pointing to any evidence, that the "parts and pieces" of the ramps and truck did not "fit together" and that the ramps did not "actually fit" with the truck.

To establish a prima-facie claim, plaintiff was required to establish defendant's alleged negligence in providing the wrong ramps proximately caused his fall and injuries. Townsend, 221 N.J. at 51. "Proximate cause consists of "'any cause which in the natural and continuous sequence, unbroken by an efficient intervening cause, produces the result complaint of and without which the result would not have occurred.'"" Ibid. (quoting Conklin v. Hannoch Weisman, 145 N.J. 395, 418 (1996)); see also New Gold Equities Corp. v. Jaffe Spindler Co., 453 N.J. Super. 358, 379 (App. Div. 2018) (explaining probable cause "'requires an initial determination of cause-in-fact' . . . [which] 'requires proof that the result complained of probably would not have occurred "but for" the negligent conduct of the defendant'" (first quoting Francis v. United Jersey Bank, 87 N.J. 15, 39 (1981); then quoting Conklin, 145 N.J. at 417)).

20

Even accepting, as we must, see Smith, 225 N.J. at 397, that the ramps were wrong for the truck—which is all that plaintiff reported Chris had said— plaintiff did not present any evidence establishing that whatever was wrong about the ramps proximately caused them to slip or slide such that plaintiff fell. In the absence of such evidence, plaintiff failed to establish an essential element of his negligence claim—that defendant's alleged negligence in providing the wrong ramps proximately caused plaintiff's fall and claimed injuries. That failure alone supports the court's grant of defendant's motion for a directed verdict. See Davidson v. Slater, 189 N.J. 166, 185 (2007) (explaining that where causation "remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant").

The only evidence presented concerning the cause of plaintiff's fall was his testimony, and it is limited and inadequate to sustain his burden of proving causation. Plaintiff testified he fell when the ramp slipped or slid. He did not offer testimony about the manner in which he had installed the ramps, other than his vague description that he had installed them on the truck diagonally. He did not testify about the physical characteristics of the ramps, the manner in which the left ramp slipped or slid, or what had caused it to do so such that he fell onto

21

the ground and became injured. The trial record otherwise includes no evidence the left ramp did not fit the truck, the pieces of the ramps did not fit together or with the truck, or that the slip or slide of the left ramp was caused by its purported incompatibility with the truck. Indeed, during his testimony, plaintiff did not identify any physical cause for the slip or slide of the ramp that caused him to fall, and he did not attribute his fall to any incompatibility between the ramps and the truck or anything else.

The dearth of evidence establishing the manner and cause of the slip or slide of the ramp rendered it impossible for the jury to make a reasoned determination as to whether defendant's purported negligence proximately caused plaintiff's fall and injuries. Thus, the record lacks any evidence establishing the cause of the ramp's slip or slide or from which the jury could determine, even by using its collective common knowledge, whether defendant's purported negligence proximately caused the singular condition—the ramps to slip or slide—he claims caused his fall.

The mere fact that the ramp may have slipped or slid and caused plaintiff to fall does not establish defendant's alleged negligence. See Myrlak v. Port Auth. of N.Y. & N.J., 157 N.J. 84, 95 (1999) (quoting Meny v. Carlson, 6 N.J. 82, 91 (1950)) ("Ordinarily, negligence is . . . 'a fact which must be proved and

22

which will never be presumed[.]'"). Plaintiff was required to present evidence establishing both defendant's alleged negligence and that defendant's negligence proximately caused plaintiff's fall, see Townsend, 221 N.J. at 60-61, and he did not present evidence, and does not cite to any evidence in his brief on appeal, that establishes both elements.

Plaintiff's limited testimony about the statement he attributes to Chris at defendant's store does not carry the day. Plaintiff attempts to make too much out of too little. Plaintiff did not testify he told Chris that the ramp had slipped or slid and that had caused his fall. According to plaintiff's testimony, he told Chris he fell "off the truck—off the ramps," he "fell off the truck," he "slipped off the ramp that was connected to the truck," and, also vaguely, "that's what [plaintiff] remembered from the ramp slipped." Plaintiff further testified that it was in response to those statements that Chris said the ramps he had been provided were wrong for the truck.

What is missing from plaintiff's proofs is any evidence that because the ramps were wrong for the truck, the left ramp later slipped or slid thereby proximately causing plaintiff's fall. Without any evidence demonstrating the reason for the ramp's slip or slide, plaintiff could not, and did not, prove that defendant's alleged negligence in purportedly providing the wrong ramps

proximately caused defendant's fall and injuries. The court therefore correctly determined plaintiff did not sustain his burden of proving each of the essential elements of his negligence claim and granted defendant's motion for a directed verdict. Davidson, 189 N.J. at 185.

To the extent we have not otherwise addressed any of plaintiff's arguments, we have considered them and find they are without sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

24

A-3032-21